**In re Connie Lynn DAVIS and Roger Davis, Debtors.**

**Bankruptcy No. 396–38565–SAF–13.**

United States Bankruptcy Court, N.D. Texas, Dallas Division.

Nov. 18, 1997.

Roger Fuller, Law Offices of Fuller & Eason, Dallas, TX, for Debtors.

Edward D. Biggers, Biggers, Beasley & Earle, Dallas, TX, for General Motors Acceptance Corp.

## MEMORANDUM OPINION AND ORDER

STEVEN A. FELSENTHAL, Bankruptcy Judge.

Connie and Roger Davis, the debtors, move the court to confirm their Chapter 13

---

plan. The Standing Chapter 13 Trustee does not oppose confirmation. However, General Motors Acceptance Corporation lodged an objection to confirmation. The court conducted a hearing on the debtors' motion on October 16, 1997.

Confirmation of a Chapter 13 plan raises a core matter over which this court has jurisdiction to enter a final order. 28 U.S.C. §§ 157(b)(2)(L) and 1334. This memorandum opinion contains the court's findings of fact and conclusions of law. Bankruptcy Rules 7052 and 9014.

GMAC holds a security interest in a 1995 Cadillac Deville owned by the debtors. The debtors owe GMAC $28,147.95 on the vehicle. The debtors' plan originally valued the vehicle at $20,000.00. GMAC contends that the vehicle must be valued in the plan at $25,525.00. The debtors now concede the vehicle should be valued at $22,250.00. The parties dispute whether, for confirmation purposes, the value of the vehicle should be determined as of the date of filing the bankruptcy petition or the date of confirmation.

The debtors filed their petition for relief under Chapter 13 of the Bankruptcy Code on November 21, 1996. In their preliminary plan filed December 18, 1996, the debtors proposed retaining the vehicle for their continued use. At the time of the filing of the bankruptcy petition, a willing buyer would pay a willing seller $25,000.00 for the vehicle. The debtors authorized the Chapter 13 trustee to make pre-confirmation distributions to GMAC on account of the secured debt. As of the confirmation hearing, the trustee has distributed $3,667.00 to GMAC. At the date of the confirmation hearing, a willing buyer would pay a willing seller $22,250.00 for the vehicle.

■ Construction of the Bankruptcy Code is a holistic endeavor. *United Savings Association of Texas v. Timbers of Inwood Forest Associates, Ltd.,* 484 U.S. 365, 371, 108 S.Ct. 626, 630, 98 L.Ed.2d 740 (1988). The court must consider the particular statutory language, the design of the statute as a whole and its object and policy. *Kelly v. Robinson,* 479 U.S. 36, 43, 107 S.Ct. 353, 357–58, 93 L.Ed.2d 216 (1986). The court must give meaning to all terms of the Code

and avoid readings of the Code that create internal inconsistencies or contradictions. But where the statutory scheme of the Code is coherent and consistent, the court generally need not inquire beyond the statute's language. *United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 240–41, 109 S.Ct. 1026, 1029–30, 103 L.Ed.2d 290 (1989).

As here relevant, under § 1325(a) of the Bankruptcy Code, the court shall confirm a Chapter 13 plan "(5) with respect to each allowed secured claim provided for by the plan ... (B)(i) the plan provides that the holder of such claim retain the lien securing such claim; and (ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim." The debtors' plan provides that GMAC will retain its lien on the Cadillac. Applying the standard determined in *Associates Commercial Corp. v. Rash,* —— U.S. ——, 117 S.Ct. 1879, 138 L.Ed.2d 148 (1997), the value of the vehicle at the confirmation date is $22,250.00. The parties stipulate that the effective date of the debtors' plan is the confirmation date. The statute provides that the creditor must receive property valued as of the effective date. The value of the vehicle on the effective date is $22,250.00. The statute directs that the court use the value of $22,250.00 for purposes of § 1325(a)(5)(B).

■ The parties' stipulation that for the Chapter 13 plan, the effective date is the confirmation date, is appropriate. Property distributed under a Chapter 13 plan on account of a secured claim, including deferred cash payments, must equal the present dollar value of the claim as of the confirmation date. *Rake v. Wade,* 508 U.S. 464, 469–71, 113 S.Ct. 2187, 2191, 124 L.Ed.2d 424 (1993).

■ GMAC urges the court to use a value as of the petition date. Section (a)(5)(B)(ii), however, directs the court to use a value as of the effective date of the plan. The Code, read as a whole, protects GMAC. As of the date of the petition, GMAC held an allowed secured claim, having a security interest in the vehicle. 11 U.S.C. §§ 501, 502. If the Chapter 13 debtor elects to retain and use the vehicle, GMAC's interest is protected by

**826**

the Code. 11 U.S.C. §§ 361, 362(d)(1). The adequate protection provisions assure that GMAC's interest will be protected as of the petition date. Where, as here, the debtor proposes to retain and use the vehicle, to adequately protect the secured creditor, the court may value the vehicle as of the petition date. 11 U.S.C. § 506(a). *Rash* instructs that when the debtor is retaining and using the vehicle, the court uses the willing buyer, willing seller test enunciated by the Supreme Court to determine the value.

■ In this case, the value of the vehicle at the petition date for the purposes the debtors intended to use it was $25,000.00. That measured GMAC's interest in the vehicle at the petition date to be adequately protected. To do so, the debtor authorized pre-confirmation distributions to GMAC. From petition date to confirmation date, the trustee has disbursed $3,667.00 to GMAC for the Cadillac. Pursuant to this court's General Order 93–1 entered January 19, 1993, disbursements to GMAC "shall be deemed proposed adequate protection payments."

The adequate protection payments protect GMAC's interest in the vehicle from petition date to confirmation date. Section 1325(a)(5)(B) then instructs the value to be distributed to GMAC as of the effective date of the plan, here, the confirmation date. In this case, at the petition date, GMAC had a security interest in a vehicle valued at $25,000.00, under the *Rash* test, to secure a debt of $28,147.95. The debtors made adequate protection payments of $3,667.00 while they retained and used the vehicle between petition date and confirmation date. On confirmation date, the vehicle, under the *Rash* test, had a value of $22,250.00. The debtors' plan must pay that value, as of the effective date, to confirm the plan.

The facts of this case demonstrate that the language of § 1325 is coherent and consistent with the scheme of the Code. Section 506(a) provides that value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of the property. 11 U.S.C. § 506(a); *see* 3 Collier on Bankruptcy § 362.07[3][b][vi] (15th rev. ed.1997). A vehicle securing a claim may be valued at the petition date to determine ade-

quate protection payments for purposes of §§ 361 and 362. That protects the secured creditor until confirmation. This court's General Order 93–1 provides a convenient and efficient means of determining and addressing the adequate protection issue. The vehicle may again be valued at confirmation for purposes of § 1325(a)(5)(B) to determine the "cram down" value to be paid in a Chapter 13 plan. The debtors have been able to retain the vehicle while restructuring the debt. The secured creditor has had its interest in the collateral protected from petition date until the date the debt is restructured. The secured creditor obtains a restructured debt based on the value of the vehicle in the marketplace pursuant to the *Rash* analysis on the date the restructure becomes effective.

Based on the foregoing,

**IT IS ORDERED** that the Chapter 13 plan of Connie and Roger Davis shall be confirmed with the Cadillac valued for purposes of 11 U.S.C. § 1325(a)(5)(B)(ii) at $22,250.00. Payments made from petition date to the effective date of the plan, October 16, 1997, for this case, shall be retained by GMAC as adequate protection payments and applied to the overall outstanding debt. Counsel for the Chapter 13 Trustee shall prepare a confirmation order consistent with this order.